IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *MICHELLE M. REDD*, | ) |
|     Plaintiff, | ) |
| | ) |
| *v.* | ) |
| | ) |
| | ) |
| | ) |
| HEALTHCARE REVENUE RECOVERY GROUP, L.L.C., | ) |
| D/B/A ARS ACCOUNT RESOLUTION SERVICES, | ) |
|     Defendant. | ) |

**FIRST AMENDED COMPLAINT**

Plaintiff Michelle Redd, by her counsel, Paúl Camarena, respectfully complains as follows:

**Introduction.**

1) When a consumer disputes information that a creditor is reporting to a credit reporting agency, the Fair Credit Reporting Act requires the creditor to conduct a reasonable investigation into that information. In the case at bar, Defendant Healthcare Revenue Recovery Group, LLC failed to conduct a reasonable investigation into information that the Defendant itself was reporting. Thus, Defendant Healthcare Revenue Recovery Group LLC violated the FCRA.

**Jurisdiction and Venue.**

2) Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction over this case because the case counts arise under the laws of the United States. Pursuant to 28 U.S.C. § 1391(b)(2), the Northern District of Illinois, Eastern Division, is the proper venue because the Eastern Division is where a substantial part of the events or omissions giving rise to this case occurred.

**Parties.**

3) Plaintiff Michelle Redd is a "consumer" as that term is defined in the Fair Credit

Reporting Act, at 15 U.S.C. § 1681a(c); and Michelle Redd resides within the Eastern Division.

4) Defendant Healthcare Revenue Recovery Group LLC is a "person" as that term is defined in the Fair Credit Reporting Act at 15 U.S.C. § 1681a(b) (the "term 'person' means any individual, partnership, corporation").

5) Defendant Healthcare Revenue Recovery Group LLC is also a Limited Liability Company organized in the State of Florida and authorized to transact business in Illinois.

## Factual Allegations.

6) From 2016 to 2017, Ms. Redd was pregnant and, in both years, she visited Midwest Emergency Associates in Munster, Indiana.

7) During Ms. Redd's visits to Midwest Emergency Associates-Munster, she handed her health insurance card to M.E.A.-Munster, and MEA-Munster agreed to submit its claims to her insurance carrier.

8) Years later, Defendant Healthcare Revenue Recovery Group, d/b/a ARS Account Resolution Services, began managing MEA-Munster's claims with respect to Ms. Redd.

9) Defendant Healthcare Revenue Recovery, d/b/a ARS Account Resolution, reported to credit reporting agencies MEA-Munster's claims with respect to Ms. Redd.

10) Defendant Healthcare Revenue, d/b/a ARS, reported that Ms. Redd owes one account numbered 835982XX, which has a purported balance of $526, and a second account numbered 849511XX, which has a purported balance of $352.

11) In fact, Ms. Redd does not owe accounts with balances of $526 and $352 because, *inter alia*, these balances do not factor her insurance carrier's liability and payments.

12) Hence, Ms. Redd disputed Defendant Healthcare Revenue's 2 reported accounts with a credit reporting agency and, upon information and belief, the Defendant received notice of Ms.

Redd's disputes.

13) However, Defendant Defendant Healthcare Revenue willfully failed to conduct a reasonable investigation into its information and continues to report the same information.

14) After Defendant Healthcare Revenue failed to conduct a reasonable investigation, Defendant's inaccurate information was reported by credit reporting agencies to thirty-parties. Defendant Healthcare Revenue's failure to conduct a reasonable investigation also caused Ms. Redd to experience so much stress that she experienced difficulty sleeping.

## Causes of Action.

### The Fair Credit Reporting Act.

### Count One.

15) The Fair Credit Reporting Act, at 15 U.S.C § 1681s-2(b)(1)(A), states that a creditor "shall ... conduct an investigation with respect to [ ] disputed information" "[a]fter receiving notice ... of a dispute with regard to the completeness or accuracy of any information provided by [the creditor] to a consumer reporting agency." "[C]ourts have consistently concluded that § 1681s-2(b) should be read as requiring a 'reasonable' investigation." *Humphrey v. Navient Solutions, Inc.*, 16 cv 370 (W.D. Wis. 2017), ECF No. 137, p. 5, (string citations omitted), *rev'd on other grounds*, 759 F. App'x 484 (7th Cir. 2019) ("When a credit-reporting agency notifies a debt collector of a disputed debt, the debt collector must 'conduct an investigation with respect to the disputed information.' 15 U.S.C. § 1681s-2(b)(1)(A). Whether the furnisher's investigation is reasonable is a factual inquiry.").

16) Defendant Healthcare Revenue's willfully violated Section 1681s-2(b)(1)(A) by willfully failing to conduct a reasonable investigation with respect to information about Ms. Redd that the Defendant itself provided to credit reporting agencies.

**Prayer for Relief.**

WHEREFORE, Michelle Redd prays that this Court (1) holds a trial by jury; (2) enters judgment in her favor (and against Defendant Healthcare Revenue) for her actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a) and 15 U.S.C. § 1692k; and (3) orders prospective equitable relief for this ongoing violation of federal laws.

        Respectfully submitted,
        Plaintiff's, Michelle Redd's, Counsel
        North & Sedgwick, L.L.C.
by:   */s/ Paúl Camarena*   .
        Paúl Camarena, Esq.
        500 So. Clinton, No. 132
        Chicago, IL 60607
        paulcamarena@paulcamarena.com
        (312) 493-7494