**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHELLE M. REDD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HEALTHCARE REVENUE ) <br> RECOVERY GROUP, L.L.C. D/B/A ) <br> ARS ACCOUNT RESOLUTION ) <br> SERVICES, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 1:20-CV-07658 <br><br> Honorable Judge Sara L. Ellis <br><br> Magistrate Judge M. David Weisman |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Healthcare Revenue Recovery Group, LLC ("HRRG") submits this reply in support of its motion for summary judgment, and requests that the Court enter judgment in its favor.

**INTRODUCTION**

HRRG filed its motion for summary judgment, joint statement of material facts and memorandum of law in support of its motion on November 15, 2021. On January 18, 2022, Plaintiff filed her response in opposition. Disregarding Plaintiff's failure to comply with this Court's Standing Order and Local Rule 56.1 for a moment, HRRG's motion should be granted for the following reasons: (1) Plaintiff has suffered no damages and therefore cannot satisfy Article III; (2) HRRG's investigation was reasonable as a matter of law; and (3) no reasonable jury could ever find that HRRG's actions were willful, and there is no certainly no evidence in the record that would support HRRG committed a "repeated violation" of the FCRA as Plaintiff suggests in her opposition brief.

Plaintiff's response brief fails to cite to any authority that might support Plaintiff's claims, and belatedly attempts to contest facts that Plaintiff already agreed were not disputed in

1

the parties' joint statement of material facts. In contrast, HRRG cited to dozens of cases in support of its motion, and Plaintiff fails to explain how any of the cases cited are inapplicable or would otherwise compel denial of summary judgment for HRRG. Stated simply, the evidence in the record demonstrates that there are no genuine issues of material fact and that HRRG is entitled to judgment as a matter of law.

## ARGUMENT

There are several reasons why Plaintiff's claim fails as a matter of law. First, she has not suffered actual damages as a result of information reported by HRRG, and her suit should be dismissed for lack of standing alone. Second, HRRG has adduced evidence that demonstrably defeats Ms. Redd's claim, and Plaintiff can point to no contrary evidence. Third, as a matter law, HRRG conducted a reasonable investigation into Plaintiff's disputed debt. Finally, because Plaintiff's only claim is that Defendant willfully failed to perform a reasonable investigation of her dispute, and because there is no evidence that HRRG acted with reckless disregard, her FCRA claim fails.

While Plaintiff argues that her a reasonable jury could find that HRRG's investigation was not reasonable, avers she has "put up evidence damages," and claims that a jury could find HRRG's violations were repeated and willful, the reality is these statements are not tethered by facts properly before the Court. The likely reason they are not before the Court is that no such facts exist in the record. In sum, Plaintiff's response fails to demonstrate the existence of any genuine issue of material fact, and as such, HRRG's motion for summary judgment should be granted.

**I. Plaintiff has failed to demonstrate that HRRG reported inaccurate information to the Credit Reporting Agencies or that HRRG would have discovered it was reporting inaccurate information after conducting a reasonable investigation.**

Plaintiff's response relies mainly upon the unpublished *Humphrey v. Trans Union LLC*, 759 F. App'x 484 (7th Cir. 2019) for her position that a reasonable jury could infer HRRG failed to conduct a reasonable investigation in this case. *Humphrey* involved allegations against a credit furnisher for reporting the plaintiff's student loan debts to credit reporting agencies ("CRAs") which the plaintiff contended were discharged due to his disability. *Humprhey*, 759 F. App'x at 491. The Court found that, in regards to the "Direct Loans" that were reported, the plaintiff's loan discharge application did not trigger the debt collector's duties to stop collections and there was no violation with respect to this debt. *Id*. 490. The Court held that the defendant was required to stop collections on plaintiff's "FFEL" loans as soon as he submitted his physician's certification of disability. *Id*. The record showed that the plaintiff sent letters to the CRAs <u>and</u> to the debt collector specifically describing the nature of his disagreement. *Id*. After the discharge of the debt, Humphrey contacted the CRAs <u>five times</u> disputing his credit report, which still reflected the past nonpayment periods. The *Humphrey* court concluded that the plaintiff presented sufficient evidence showing the debt collector disseminated inaccurate information about his student loan debt that could have been remedied by a proper investigation. *Id*.

The facts in *Humphrey* are completely distinguishable from this case. In *Humphrey*, there was evidence in the record demonstrating that the debt collector reported inaccurate information that could have been avoided by a reasonable investigation. The plaintiff was able to provide evidence that the debt should not have been reported. *Id*. Further, the plaintiff was able to show, at least for one of his debts, that the debt was discharged due to his disability and that a reasonable investigation would have revealed that. In this case, Plaintiff has not provided any

3

proof that the debt is not actually owed. *See Denan v. Trans Union LLC*, 959 F.3d 290, 296 (7th Cir. 2020) (finding that absent an adjudication invalidating plaintiffs' debts, plaintiffs' § 1681e(b) inaccuracy claim does not move from speculative to plausible and therefore, plaintiffs cannot prove any facts that would support their claim for relief). Plaintiff admitted she did not review the explanation of benefits before her visit to MEA Munster. *See* Joint Statement of Undisputed Material Facts ("SMF") ¶ 12. Plaintiff never received any confirmation from her health insurance that the bill was paid in full. SMF ¶ 14. Plaintiff did not provide any documents along with her dispute to show that the debt was not owed. SMF ¶ 22. It is clear that Plaintiff's health insurance did not pay the entire balance she owed after her visit to MEA Munster. Regardless, Plaintiff, unlike Humphrey, did not provide any evidence that the debt should not be reported. At no point did HRRG have reason to believe the amounts Plaintiff owed to MEA Munster were invalid. SMF ¶ 18. HRRG reviewing all the information included in the CDV and concluded Plaintiff's account was valid and accurate. SMF ¶ 24. Under the circumstances, as a matter of law, HRRG's investigation was reasonable. There was no information that was provided that demonstrates HRRG's conclusion was wrong. Further, HRRG closed the Account two months after receiving the dispute, despite the fact that it at all times reported the debt accurately. Plaintiff fails to explain what HRRG could have done differently after receiving her dispute on October 16, 2020 that would have changed its conclusion. Even if Plaintiff's claims that she didn't actually owe the debt are true, HRRG's investigation was reasonable as a matter of law the Motion for Summary Judgement should be granted.

## II. Plaintiff fails to demonstrate she suffered actual damages caused by HRRG.

Plaintiff cites to *Safeco Ins. Co. of America v. Burr*, for the proposition that she need not show actual damages because HRRG's actions were a willful violation of the FCRA. 551 U.S. 47 (2007). First, *Safeco* does not involve allegations of failure to conduct a reasonable investigation in violation of the FCRA and was not a lawsuit involving a debt collection company. *Id.* Second, the *Safeco* decision provides that recklessness is an action entailing "an unjustifiably high risk of harm that is either known or so obvious that it should be known and if a violation is the result negligence, the affected consumer is entitled to **actual damages**. *Id*. at 49, 73. Safeco mistakenly misinterpreted a section of the FCRA. In *Safeco*, the Court held that even if Safeco misinterpreted the FCRA and violated it, Safeco was not reckless as a matter of law as would expose it to liability for anything other than **actual damages**. *Id.*

As you can see, the facts in *Safeco* are entirely distinguishable from this case and the issue in *Safeco* was not whether the defendant failed to conduct a reasonable investigation. In this case, all evidence demonstrates HRRG complied with the FCRA. Plaintiff never demonstrated that her health insurance covered all charges incurred from her visit to MEA Munster. She never produced any documents showing she did not owe money to MEA Munster. Even Plaintiff was able to show she did not owe a balance to MEA Munster, there is no evidence that it was so obvious to HRRG that it was reporting inaccurate information that would amount to a reckless violation of the FCRA. At all times the account was reported as disputed and the account is now closed. Plaintiff fails to show HRRG acted recklessly and as such, is only entitled to actual damages. Plaintiff has no actual damages as she testified she has not paid any money to HRRG. Plaintiff's claim fails as a matter of law.

**III.     There is no evidence that HRRG violated the FCRA or that it repeatedly violated the FCRA that would constitute a willful violation.**

Lastly, Plaintiff cites to *Mattiaccio v. DHA Group, Inc.*, 87 F. Supp. 3d 169, 182 (D.D.C. 2015) for the proposition that courts have found repeated violations of the FCRA to constitute evidence of a willful violation of the FCRA. Again, the facts of the *Marriacco* case have nothing to do with an alleged failure to perform a reasonable investigation in violation of the FCRA. Further, in *Marriacco*, the defendants violated the FCRA and offered no evidence or argument demonstrating their non-compliance with the FCRA was inadvertent. *Id*. at 183. There is a plethora of case law, much of which is cited in HRRG's Memorandum, which provides guidance on whether summary judgment is appropriate in a case specifically involving allegations of failure to conduct a reasonable investigation in violation of the FCRA. Plaintiff fails to explain how the cases cited by HRRG are distinguishable and fails to provide relevant cases that include related allegations. Not only is the *Marriacco* not on point with the facts of this case, it is not a 7th Circuit case.

Unlike in *Marriacco*, there is no evidence of a repeated violation of the FCRA in this case. The only issue is whether HRRG failed to conduct a reasonable investigation under the circumstances after receiving Plaintiff's dispute from the CRAs. HRRG confirming the debt was valid upon receipt of the dispute was reasonable considering the lack of information provided to it from the CRAs. Even if Plaintiff could show there was a violation, such a violation would be negligent at best as there is no evidence demonstrating HRRG violated the FCRA repeatedly or recklessly. Plaintiff's claim cannot survive by simply asserting HRRG repeatedly violated the FCRA without any evidence that supporting such a statement. This case involved one dispute which HRRG investigated upon receipt. Plaintiff's baseless allegations of a repeated violation should be completely disregarded.

**IV.     Factual assertions in Plaintiff's response brief should be disregarded.**

Plaintiff failed to timely file her response brief despite the fact that she was given over two months to file a response. It is well established that when a non-moving party fails to respond to a statement of facts, all material facts set forth by the moving party will be deemed to be admitted. *See* L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010) (affirming district court's acceptance of statement facts as true where the plaintiff failed to respond); *see also Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Moreover, "the penalty for failing to properly respond to a movant's 56.1(a) statement is usually summary judgment for the movant… because the movant's factual allegations are deemed admitted." *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000).

Under this Court's procedures, the parties already agreed to the Joint Statement of Undisputed Facts. This Court's standing order provides: "The non-moving party may include facts in its response to the motion for summary judgment that it contends are disputed in order to demonstrate that a genuine issue of material fact exists that warrants denying the motion for summary judgment." It also provides: "The non-moving party must include citations to supporting material supporting the dispute and attach the same." Plaintiff's brief which consists entirely of unsupported allegations should be disregarded for being filed late, for failure to comply with this Court's standing order. It is also improper under L.R. 56.1 as Plaintiff's response is nothing more than a compilation of general unsupported allegations.

Additionally, Plaintiff filed her response one day late. *See docket entry* #37. Under the local rules and settled law of this Circuit, HRRG's facts are accepted as true and there is no

genuine issue of material fact for trial because Plaintiff failed to respond to HRRG's motion for summary judgment by January 17, 2022. HRRG has certainly been prejudiced by this frivolous lawsuit, by Plaintiff taking over two months to respond, and filing her response brief late. This Court should therefore disregard Plaintiff's improperly submitted "evidence." One of Plaintiff's unsupported assertions is that Plaintiff was working in October and November of 2020. *See* Pl. Resp. p. 4. Plaintiff fails to must include citations or attach supporting material supporting the assertion that Plaintiff was working during the relevant time period or that she actually missed shifts as a result of HRRG's conduct. Thus, all factual assertions like this one should be disregarded as they are irrelevant and cannot be relied on to create a genuine issue of material fact.

**V.      There is no genuine dispute of material fact.**

There is only one question in this case. Whether HRRG failed to perform a reasonable investigation after receiving Plaintiff's dispute. Summary judgment is proper if the reasonableness of the defendant's investigation is beyond question. *Green v. Cenlar FSB,* No. 19-CV-1555, 2021 WL 1531573, at *3 (E.D. Wis. Apr. 19, 2021) citing *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005). *Westra* makes clear that the information a credit furnisher receives about a dispute determines how extensive an investigation must be to be considered reasonable. *Id.* If the evidence in the record is unclear how the furnisher erred in its investigation of the plaintiff's disputes and it is unclear how a different process would have affected how the account was reported, then plaintiff failed to put forth evidence showing a violation of the FCRA and summary judgment should be granted. *Id* at *7. In *Westra*, the court concluded:

> Credit Control's investigation in this case was reasonable given the scant information it received regarding the nature of Westra's dispute. Credit Control

> received a CDV from Trans Union indicating that Westra was disputing the charge on the basis that the account did not belong to him. The CDV did not provide any information about possible fraud or identity theft or include any of the documentation provided to Trans Union by Westra. Credit Control verified Westra's name, address, and date of birth and sent the CDV back to Trans Union. Had Trans Union given Credit Control notice that the nature of the dispute concerned fraud, then perhaps a more thorough investigation would have been warranted. Given the facts of this case, however, Credit Control's verification of Westra's information was a reasonable procedure.

*Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005).

In this case, Plaintiff incorrectly assumes that HRRG failed to conduct a reasonable investigation under the FCRA simply because it did not come to the conclusion Plaintiff desired. The following facts are undisputed:

- After a visit to MEA Munster, Plaintiff was left with balances of $526 and $35. SMF ¶ 15.
- MEA Munster placed the account with a balance of $526 to HRRG in 2017, and placed the account with a balance of $352 to HRRG in 2018 (the "Accounts").
- Plaintiff never paid HRRG or MEA Munster any money. SMF ¶ 37.
- HRRG has reported the Accounts as "disputed" to the credit reporting bureaus since 2018. SMF ¶ 16.
- Plaintiff engaged Ashley's Credit Solutions to dispute the debt HRRG was reporting along with 7 other debts that were reported on Plaintiff's credit report. SMF ¶¶ 19-21.
- Plaintiff did not provide Ashley's Credit Solutions with any documents that support her dispute of the MEA Munster debts. SMF ¶ 22.
- On October 16, 2020, HRRG received an electronic notification, referred to as a Consumer Dispute Verification ("CDV") from a credit reporting bureau. SMF ¶ 23.
- HRRG reviewed all information provided to it in the CDV, and responded to the credit reporting bureau on October 19, 2020. SMF ¶ 24.
- HRRG confirmed the Accounts were valid, accurate, and disputed. SMF ¶ 24.
- At no point did HRRG have any reason to believe that the amounts that Ms. Redd owed to MEA Munster were invalid. SMF ¶ 18.
- HRRG never received any documentation that might suggest the Accounts were inaccurate. SMF ¶¶ 22, 26.

If Plaintiff provided HRRG with documents demonstrating the $526 and $352 was paid by her insurance carrier then perhaps a more thorough investigation would have been warranted. That is not what happened here and that fact is undisputed. Plaintiff has not provided any evidence that explains how HRRG erred in its investigation of the disputes. Plaintiff also fails to

9

explain what HRRG should have done that would have affected how the account was reported. Accordingly, HRRG is entitled to summary judgment because it conducted a reasonable investigation as a matter of law.

## CONCLUSION

For the reasons stated above and in HRRG's Memorandum of Law previously filed, Healthcare Revenue Recovery Group, LLC respectfully requests that this Honorable Court grant summary judgment in its favor and against Plaintiff, and for such other and further relief as this Honorable Court deems just.

Dated: February 8, 2022                                   Respectfully submitted,


                                                                   By: */s/ Paul Gamboa*
                                                                      Paul Gamboa, ARDC #6282923
                                                                      GORDON & REES LLP
                                                                      One North Franklin; Suite 800
                                                                      Chicago, Illinois 60606
                                                                      Tel: (312) 619-4937
                                                                      Fax: (312) 565-6511
                                                                      *Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

*__Attorneys for Plaintiff__*
Paul Camarena
Attorney-at-Law
500 So. Clinton, No. 132
Chicago, Illinois 60607
312-493-7494
paulcamarena@paulcamarena.com


                      Respectfully submitted,

By:  /s*/ Paul Gamboa*
      Paul Gamboa, ARDC #6282923
      GORDON & REES LLP
      One North Franklin; Suite 800
      Chicago, Illinois 60606
      Tel: (312) 619-4937
      Fax: (312) 565-6511