UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE M. REDD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 20 C 7658 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| HEALTHCARE REVENUE | ) |
| RECOVERY GROUP, d/b/a | ) |
| ARS ACCOUNT RESOLUTION | ) |
| SERVICES, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Michelle Redd brings this lawsuit pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, against Defendant Healthcare Revenue Recovery Group ("HRRG") for willfully failing to conduct a reasonable investigation despite receiving notice that she disputed two debts that HRRG was reporting to credit bureaus. HRRG moves for summary judgment. Because Redd cannot prove a negligent or willful violation of the FCRA, the Court grants HRRG's motion for summary judgment.

## BACKGROUND[1]

Midwest Emergency Associates, an emergency room, placed two debt accounts with HRRG, contending that Redd owed outstanding balances of $526 and $352. HRRG reported those accounts as disputed to the credit reporting bureaus beginning in May 2018. In July 2020, Redd used a credit improvement company to challenge that debt with the credit reporting bureaus. In October 2020, HRRG received an electronic Consumer Dispute Verification ("CDV") from a credit reporting bureau. HRRG reviewed the information provided in the CDV

---

[1] The Court derives the facts in this section from the Joint Statement of Undisputed Material Facts. The Court takes all facts in the light most favorable to Redd, the non-movant.

and, three days later, confirmed to the credit reporting bureau that the accounts were valid, accurate, and disputed. HRRG states that it never received any documentation to show the accounts were inaccurate. HRRG closed the accounts in December 2020.

Redd disputes that she owes those debts. Redd did not pay any money to the emergency room or HRRG, and she is not seeking damages for lost credit opportunities. Redd experienced stress, difficulty sleeping, and emotional distress due to the account debts appearing on her credit report. Redd also states that she spent time disputing the debts in the summer and fall of 2020 instead of picking up another shift at work. Redd works part time for a home care services company. She did not work at all from May through November of 2020.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To determine whether a genuine dispute of material fact exists, the Court must pierce the pleadings and assess the proof as presented in depositions, documents, answers to interrogatories, admissions, stipulations, and affidavits or declarations that are part of the record. Fed. R. Civ. P. 56(c)(1); *A.V. Consultants, Inc. v. Barnes*, 978 F.2d 996, 999 (7th Cir. 1992). The party seeking summary judgment bears the initial burden of demonstrating that no genuine dispute of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Bunn v. Fed. Deposit Ins. Corp. for Valley Bank Ill.*, 908 F.3d 290, 295 (7th Cir. 2018). In response, the non-moving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to identify specific material facts that demonstrate a genuine dispute for trial. Fed. R. Civ. P. 56(c)(1); *Celotex*, 477 U.S. at 324; *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 627 (7th Cir. 2014). The Court must construe all facts in the light most favorable to the non-moving

party and draw all reasonable inferences in that party's favor. *Wehrle v. Cincinnati Ins. Co.*, 719 F.3d 840, 842 (7th Cir. 2013). However, a bare contention by the non-moving party that an issue of fact exists does not create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), and the non-moving party is "only entitled to the benefit of inferences supported by admissible evidence, not those 'supported by only speculation or conjecture,'" *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (citation omitted).

## ANALYSIS

To prevail on her FCRA claim, Redd must prove that (1) she gave notice to the credit reporting agency that she disputed the information provided by HRRG, (2) HRRG received the dispute, (3) HRRG willfully failed to conduct a reasonable investigation of the dispute, and (4) she suffered damages caused by HRRG's inaccurate reporting. *Ruffin-Thompkins v. Experian Info. Sols., Inc.*, 422 F.3d 603, 608 (7th Cir. 2005) (quoting 15 U.S.C. § 1681i(a)(1)(A)). But before considering the merits, the Court must determine whether Redd has standing to bring her claim. *Persinger v. Sw. Credit Sys., L.P.*, 20 F.4th 1184, 1189 (7th Cir. 2021).

"Article III limits the jurisdiction of federal courts to 'Cases' or 'Controversies.'" *White v. Ill. State Police*, 15 F.4th 801, 807 (7th Cir. 2021) (citation omitted)). To satisfy the case or controversy requirement, Redd "must have a 'personal stake' in the case—in other words, standing." *TransUnion LLC v. Ramirez*, --- U.S. ----, 141 S. Ct. 2190, 2203 (2021) (citation omitted). To establish standing, she "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Wadsworth v. Kross, Liberman & Stone, Inc.*, 12 F.4th 665, 667 (7th Cir. 2021) (citation omitted). Redd alleges that HRRG failed to reasonably investigate after

3

receiving notice that she disputed the accuracy of the two debts it was reporting to credit bureaus, causing her harm. But "[t]his is not enough on its own to confer standing. We must decide whether this harm qualifies as a concrete injury." *Persinger*, 20 F.4th at 1190.

Redd's amended complaint describes her harm as (1) inaccurate information reported by credit agencies to third parties and (2) stress that caused her to lose sleep. Doc. 19 ¶ 14; *see Persinger*, 20 F.4th at 1190 (the Court looks to the operative complaint for the plaintiff's potential injuries).[2] Stress is not a concrete harm sufficient to confer Article III standing. *Id.* at 1191 ("Even if stress can be fairly labeled a dignitary harm, it is not a concrete injury." (citing *Wadsworth*, 12 F.4th at 668–69)); *see also Choice v. Unifund CCR, LLC*, 19-cv-5773, 2021 WL 2399984, at *2 (N.D. Ill. June 11, 2021) ("As pure psychological harm, sleep deprivation from worry alone cannot establish standing." (citing *Pennell v. Global Trust Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021))). The Supreme Court, however, has analogized inaccurate credit reporting to the common law tort of defamation and found that reputational harm can be a concrete injury for FCRA standing purposes. *TransUnion*, 141 S. Ct. at 2208–09. Therefore, Redd has standing to seek damages for that alleged reputational harm.

The Court now turns to the merits. To prevail on a claim of negligent violation of the FCRA, Redd must prove actual damages, which require a causal relationship between the

---

[2] In her opposition brief, Redd argues that she worked during the period in question, which, she states, proves that she missed work due to lack of sleep and would have picked up additional shifts if she had not been mailing dispute letters. This theory of financial harm does not appear in the operative complaint, and therefore the Court does not consider it in the standing analysis. *See Persinger*, 20 F.4th at 1190 ("When reviewing potential injuries for standing purposes, we are constrained by the operative complaint."). Furthermore, this new argument does not support the inferences that Redd proposes, and it also directly contracts the parties' jointly agreed fact that Redd did not work during that period. *See Hickey v. Protective Life Corp.*, 988 F. 3d 380, 390–91 (7th Cir. 2021) (district court did not abuse its discretion in excluding new affidavit that contradicted plaintiff's testimony but established element of case). Finally, counsel's excuse that the jointly agreed fact is "not inaccurate" because the name of Redd's employer is misspelled by one letter (and therefore Redd did not actually work for the wrongly identified company) is specious at best.

statutory violation and the harm suffered by the consumer. *Persinger*, 20 F.4th at 1194 (citing 15 U.S.C. § 1681o(a)(1); *Ruffin-Thompkins*, 422 F.3d at 607–08). Redd does not provide any evidence that her reputation was damaged by HRRG's reporting. In fact, the agreed facts confirm that Redd does not claim to have lost credit opportunities, and she provides no additional evidence of reputational harm.

Redd argues that she need not provide evidence of actual damages to prevail under the statute because the FCRA allows statutory damages for a willful violation. To prevail on a willful-violation claim, Redd must present evidence that HRRG acted knowingly or in reckless disregard of the FCRA, meaning the "action is not only a violation under a reasonable reading of the statute's terms," but it also shows a disregard for the law that is "substantially greater" than careless. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (1997).

Redd alleges that HRRG willfully and repeatedly failed to conduct a reasonable investigation; however, she points to no evidence that would support this claim. *See Banno v. Experian Info. Sols., Inc.*, No. 15 C 8291, 2017 WL 3087726, at *8 (N.D. Ill. July 20, 2017) (granting summary judgment because plaintiff failed to provide evidence of actual damages or willful violation). The undisputed facts show that HRRG, upon receiving the October 2020 CDV from a credit reporting bureau, reviewed all the information provided to it by the bureau and, three days later, confirmed that the accounts were valid, accurate, and disputed. HRRG did not receive documentation to suggest the accounts were inaccurate. Redd states that, in June 2017, she told HRRG that the debts were covered by her insurance and forwarded a copy of her insurance card. The HRRG account record confirms this. But Redd provided no proof—to HRRG in 2017, 2020, or in this lawsuit—that the insurance company did pay the debts or that it was obligated to pay and did not. And the parties agree that Redd never paid these amounts to

5

the emergency room. Despite the 2017 call from Redd, HRRG had no information, when it received the 2020 CDV, that the debts were not valid and accurately reported as disputed. *See Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005) ("Credit Control's investigation in this case was reasonable given the scant information it received regarding the nature of Westra's dispute."). No reasonable jury would find a willful violation.

Redd further contends that HRRG's violations were repeated, citing her 2017 call to HRRG, her contact with the credit-dispute company, and an email from HRRG's lawyer with the word "disputes" in it. The 2017 call does not create a repeated violation because in 2017, HRRG, the information furnisher, had not received a notice of dispute from the credit bureau as required under the statute. *See* 15 U.S.C. § 1681s-2(b). And, in any event, Redd has not provided any evidence that HRRG did not properly investigate her dispute at that time. The account record shows that HRRG requested that Redd fax in the notice of action, proof of eligibility, and insurance card. Redd faxed only the insurance card. Therefore, in 2017, HRRG did not disregard any evidence that the debt was invalid and did not commit any violation by stopping its investigation. *Ruffin-Thompkins*, 422 F.3d at 608 ("FCRA permits the termination of a reinvestigation if the credit reporting agency determines that the complaint is frivolous, 'including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information.'" (citing 15 U.S.C. § 1681i(a)(3))). Redd's multiple contacts with her credit-dispute company do not prove that HRRG received multiple contacts. Instead, the undisputed facts state HRRG received one CDV in 2020. Finally, Redd provides no authority for why the Court should consider defense counsel's use of the term "disputes" rather than "dispute" in an email to be a binding admission on HRRG. No reasonable jury would find

repeated willful violations. Because Redd cannot prove actual damages or a willful violation, her FCRA claim fails.

## CONCLUSION

For the foregoing reasons, the Court grants HRRG's motion for summary judgment [30]. The Court enters judgment for HRRG and terminates this case.

Dated: June 6, 2022

SARA L. ELLIS
United States District Judge