**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *MICHELLE M. REDD*, | ) |
|     Plaintiff, | ) |
| | ) |
| *v.* | ) |
| | ) |
| | ) |
| *HEALTHCARE REVENUE RECOVERY GROUP, L.L.C.,* | ) |
| *D/B/A ARS ACCOUNT RESOLUTION SERVICES*, | ) |
|     Defendant. | ) |

## PLAINTIFF MICHELLE REDD'S NOTICE OF APPEAL

Plaintiff Ms. Redd, by her counsel Paúl Camarena, respectfully appeals this Honorable Court's Order and Judgment (ECF 48 & ECF 49) to the United States Court of Appeal for the Seventh Circuit.

## NOTICE OF FILING

To:    Krista Easom
        Gordon & Rees, Scully Mansukhani
        1 N. Franklin, No. 800
        Chicago, IL 60606
        keasom@grsm.com

PLEASE TAKE NOTICE that, on Wednesday July 6, 2022, at the United States District Court for the Northern District of Illinois, Office of the Clerk, 219 S. Dearborn, No. 2000, Chicago, IL 60604, Plaintiff Ms. Redd filed her **NOTICE OF APPEAL**.

    Respectfully submitted,
    Plaintiff's, Michelle Redd's, Counsel
    North & Sedgwick, L.L.C.
by:    */s/ Paúl Camarena*    .
    Paúl Camarena, Esq.
    500 So. Clinton, No. 132
    Chicago, IL 60607
    paulcamarena@paulcamarena.com
    (312) 493-7494

MICHELLE M. REDD,              )
                                     )
        Plaintiff,            )
                                     )      No. 20 C 7658
        v.                   )
                                     )      Judge Sara L. Ellis
HEALTHCARE REVENUE         )
RECOVERY GROUP, d/b/a        )
ARS ACCOUNT RESOLUTION     )
SERVICES,                  )
                                     )
        Defendant.          )

## OPINION AND ORDER

Plaintiff Michelle Redd brings this lawsuit pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, against Defendant Healthcare Revenue Recovery Group ("HRRG") for willfully failing to conduct a reasonable investigation despite receiving notice that she disputed two debts that HRRG was reporting to credit bureaus. HRRG moves for summary judgment. Because Redd cannot prove a negligent or willful violation of the FCRA, the Court grants HRRG's motion for summary judgment.

## BACKGROUND[1]

Midwest Emergency Associates, an emergency room, placed two debt accounts with HRRG, contending that Redd owed outstanding balances of $526 and $352. HRRG reported those accounts as disputed to the credit reporting bureaus beginning in May 2018. In July 2020, Redd used a credit improvement company to challenge that debt with the credit reporting bureaus. In October 2020, HRRG received an electronic Consumer Dispute Verification ("CDV") from a credit reporting bureau. HRRG reviewed the information provided in the CDV

---

[1] The Court derives the facts in this section from the Joint Statement of Undisputed Material Facts. The Court takes all facts in the light most favorable to Redd, the non-movant.

and, three days later, confirmed to the credit reporting bureau that the accounts were valid, accurate, and disputed. HRRG states that it never received any documentation to show the accounts were inaccurate. HRRG closed the accounts in December 2020.

Redd disputes that she owes those debts. Redd did not pay any money to the emergency room or HRRG, and she is not seeking damages for lost credit opportunities. Redd experienced stress, difficulty sleeping, and emotional distress due to the account debts appearing on her credit report. Redd also states that she spent time disputing the debts in the summer and fall of 2020 instead of picking up another shift at work. Redd works part time for a home care services company. She did not work at all from May through November of 2020.

**LEGAL STANDARD**

Summary judgment obviates the need for a trial where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To determine whether a genuine dispute of material fact exists, the Court must pierce the pleadings and assess the proof as presented in depositions, documents, answers to interrogatories, admissions, stipulations, and affidavits or declarations that are part of the record. Fed. R. Civ. P. 56(c)(1); *A.V. Consultants, Inc. v. Barnes*, 978 F.2d 996, 999 (7th Cir. 1992). The party seeking summary judgment bears the initial burden of demonstrating that no genuine dispute of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Bunn v. Fed. Deposit Ins. Corp. for Valley Bank Ill.*, 908 F.3d 290, 295 (7th Cir. 2018). In response, the non-moving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to identify specific material facts that demonstrate a genuine dispute for trial. Fed. R. Civ. P. 56(c)(1); *Celotex*, 477 U.S. at 324; *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 627 (7th Cir. 2014). The Court must construe all facts in the light most favorable to the non-moving

party and draw all reasonable inferences in that party's favor. *Wehrle v. Cincinnati Ins. Co.*, 719 F.3d 840, 842 (7th Cir. 2013). However, a bare contention by the non-moving party that an issue of fact exists does not create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), and the non-moving party is "only entitled to the benefit of inferences supported by admissible evidence, not those 'supported by only speculation or conjecture,'" *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (citation omitted).

## ANALYSIS

To prevail on her FCRA claim, Redd must prove that (1) she gave notice to the credit reporting agency that she disputed the information provided by HRRG, (2) HRRG received the dispute, (3) HRRG willfully failed to conduct a reasonable investigation of the dispute, and (4) she suffered damages caused by HRRG's inaccurate reporting. *Ruffin-Thompkins v. Experian Info. Sols., Inc.*, 422 F.3d 603, 608 (7th Cir. 2005) (quoting 15 U.S.C. § 1681i(a)(1)(A)). But before considering the merits, the Court must determine whether Redd has standing to bring her claim. *Persinger v. Sw. Credit Sys., L.P.*, 20 F.4th 1184, 1189 (7th Cir. 2021).

"Article III limits the jurisdiction of federal courts to 'Cases' or 'Controversies.'" *White v. Ill. State Police*, 15 F.4th 801, 807 (7th Cir. 2021) (citation omitted)). To satisfy the case or controversy requirement, Redd "must have a 'personal stake' in the case—in other words, standing." *TransUnion LLC v. Ramirez*, --- U.S. ----, 141 S. Ct. 2190, 2203 (2021) (citation omitted). To establish standing, she "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Wadsworth v. Kross, Liberman & Stone, Inc.*, 12 F.4th 665, 667 (7th Cir. 2021) (citation omitted). Redd alleges that HRRG failed to reasonably investigate after

3

receiving notice that she disputed the accuracy of the two debts it was reporting to credit bureaus, causing her harm.  But "[t]his is not enough on its own to confer standing.  We must decide whether this harm qualifies as a concrete injury." *Persinger*, 20 F.4th at 1190.

Redd's amended complaint describes her harm as (1) inaccurate information reported by credit agencies to third parties and (2) stress that caused her to lose sleep.  Doc. 19 ¶ 14; *see Persinger*, 20 F.4th at 1190 (the Court looks to the operative complaint for the plaintiff's potential injuries).[2]  Stress is not a concrete harm sufficient to confer Article III standing*. Id*. at 1191 ("Even if stress can be fairly labeled a dignitary harm, it is not a concrete injury." (citing *Wadsworth*, 12 F.4th at 668–69)); *see also Choice v. Unifund CCR, LLC*, 19-cv-5773, 2021 WL 2399984, at *2 (N.D. Ill. June 11, 2021) ("As pure psychological harm, sleep deprivation from worry alone cannot establish standing." (citing *Pennell v. Global Trust Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021))).  The Supreme Court, however, has analogized inaccurate credit reporting to the common law tort of defamation and found that reputational harm can be a concrete injury for FCRA standing purposes.  *TransUnion*, 141 S. Ct. at 2208–09.  Therefore, Redd has standing to seek damages for that alleged reputational harm.

The Court now turns to the merits.  To prevail on a claim of negligent violation of the FCRA, Redd must prove actual damages, which require a causal relationship between the

---

[2] In her opposition brief, Redd argues that she worked during the period in question, which, she states, proves that she missed work due to lack of sleep and would have picked up additional shifts if she had not been mailing dispute letters.  This theory of financial harm does not appear in the operative complaint, and therefore the Court does not consider it in the standing analysis. *See Persinger*, 20 F.4th at 1190 ("When reviewing potential injuries for standing purposes, we are constrained by the operative complaint.").  Furthermore, this new argument does not support the inferences that Redd proposes, and it also directly contracts the parties' jointly agreed fact that Redd did not work during that period. *See Hickey v. Protective Life Corp.*, 988 F. 3d 380, 390–91 (7th Cir. 2021) (district court did not abuse its discretion in excluding new affidavit that contradicted plaintiff's testimony but established element of case).  Finally, counsel's excuse that the jointly agreed fact is "not inaccurate" because the name of Redd's employer is misspelled by one letter (and therefore Redd did not actually work for the wrongly identified company) is specious at best.

statutory violation and the harm suffered by the consumer. *Persinger*, 20 F.4th at 1194 (citing

15 U.S.C. § 1681o(a)(1); *Ruffin-Thompkins*, 422 F.3d at 607–08). Redd does not provide any

evidence that her reputation was damaged by HRRG's reporting. In fact, the agreed facts

confirm that Redd does not claim to have lost credit opportunities, and she provides no additional

evidence of reputational harm.

Redd argues that she need not provide evidence of actual damages to prevail under the

statute because the FCRA allows statutory damages for a willful violation. To prevail on a

willful-violation claim, Redd must present evidence that HRRG acted knowingly or in reckless

disregard of the FCRA, meaning the "action is not only a violation under a reasonable reading of

the statute's terms," but it also shows a disregard for the law that is "substantially greater" than

careless. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (1997).

Redd alleges that HRRG willfully and repeatedly failed to conduct a reasonable

investigation; however, she points to no evidence that would support this claim. *See Banno v.*

*Experian Info. Sols., Inc.*, No. 15 C 8291, 2017 WL 3087726, at *8 (N.D. Ill. July 20, 2017)

(granting summary judgment because plaintiff failed to provide evidence of actual damages or

willful violation). The undisputed facts show that HRRG, upon receiving the October 2020

CDV from a credit reporting bureau, reviewed all the information provided to it by the bureau

and, three days later, confirmed that the accounts were valid, accurate, and disputed. HRRG did

not receive documentation to suggest the accounts were inaccurate. Redd states that, in June

2017, she told HRRG that the debts were covered by her insurance and forwarded a copy of her

insurance card. The HRRG account record confirms this. But Redd provided no proof—to

HRRG in 2017, 2020, or in this lawsuit—that the insurance company did pay the debts or that it

was obligated to pay and did not. And the parties agree that Redd never paid these amounts to

the emergency room. Despite the 2017 call from Redd, HRRG had no information, when it received the 2020 CDV, that the debts were not valid and accurately reported as disputed. *See Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005) ("Credit Control's investigation in this case was reasonable given the scant information it received regarding the nature of Westra's dispute."). No reasonable jury would find a willful violation.

Redd further contends that HRRG's violations were repeated, citing her 2017 call to HRRG, her contact with the credit-dispute company, and an email from HRRG's lawyer with the word "disputes" in it. The 2017 call does not create a repeated violation because in 2017, HRRG, the information furnisher, had not received a notice of dispute from the credit bureau as required under the statute. *See* 15 U.S.C. § 1681s-2(b). And, in any event, Redd has not provided any evidence that HRRG did not properly investigate her dispute at that time. The account record shows that HRRG requested that Redd fax in the notice of action, proof of eligibility, and insurance card. Redd faxed only the insurance card. Therefore, in 2017, HRRG did not disregard any evidence that the debt was invalid and did not commit any violation by stopping its investigation. *Ruffin-Thompkins*, 422 F.3d at 608 ("FCRA permits the termination of a reinvestigation if the credit reporting agency determines that the complaint is frivolous, 'including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information.'" (citing 15 U.S.C. § 1681i(a)(3))). Redd's multiple contacts with her credit-dispute company do not prove that HRRG received multiple contacts. Instead, the undisputed facts state HRRG received one CDV in 2020. Finally, Redd provides no authority for why the Court should consider defense counsel's use of the term "disputes" rather than "dispute" in an email to be a binding admission on HRRG. No reasonable jury would find

repeated willful violations.  Because Redd cannot prove actual damages or a willful violation, her FCRA claim fails.

<h1 style="text-align:center">CONCLUSION</h1>

For the foregoing reasons, the Court grants HRRG's motion for summary judgment [30]. The Court enters judgment for HRRG and terminates this case.

Dated: June 6, 2022

_____
SARA L. ELLIS
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS**

Michelle M. Redd,

Plaintiff(s),

v.

Healthcare Revenue Recovery Group, d/b/a ARS
Account Resolution Services,

Defendant(s).

Case No.  20-cv-7658
Judge Sara L. Ellis

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐　　in favor of plaintiff(s)
　　　and against defendant(s)
　　　in the amount of $　　　　,

　　　　　which ☐ includes　　　pre–judgment interest.
　　　　　　　　☐ does not include pre–judgment interest.

　　Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

　　Plaintiff(s) shall recover costs from defendant(s).

☐　　in favor of defendant(s)
　　　and against plaintiff(s)

.

　　Defendant(s) shall recover costs from plaintiff(s).

☒　　other: It is hereby ordered that summary judgment is entered in favor of defendant HRRG and
against the plaintiff, Michelle M. Redd.

This action was *(check one)*:

☐ tried by a jury with Judge　　　presiding, and the jury has rendered a verdict.
☐ tried by Judge　　　without a jury and the above decision was reached.
☒ decided by Judge Sara L. Ellis on a motion for summary judgment.

Date:  6/6/2022　　　　　　　　　Thomas G. Bruton, Clerk of Court

　　　　　　　　　　　　　　　Rhonda Johnson, Deputy Clerk

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.6.3 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:20-cv-07658
## Internal Use Only

| | |
|---|---|
| Redd v. Healthcare Revenue Recovery Group, LLC | Date Filed: 12/22/2020 |
| Assigned to: Honorable Sara L. Ellis | Date Terminated: 06/06/2022 |
| Cause: 15:1681 Fair Credit Reporting Act | Jury Demand: Both |
| | Nature of Suit: 480 Consumer Credit |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Michelle Redd**        represented by  **Paul Camarena**
North & Sedgwick L.L.C.
500 S. Clinton
#132
Chicago, IL 60607
(312) 493-7494
Email:
paulcamarena@paulcamarena.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Healthcare Revenue Recovery**        represented by  **Paul Gamboa**
**Group, LLC**                Gordon & Rees LLP
*doing business as*                One North Franklin
ARS Account Resolution Services        Suite 800
Chicago, IL 60606
(312) 980-6790
Email: pgamboa@gordonrees.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Chirag Haresh Patel**
Gordon Rees Scully Mansukhani, LLP
One North Franklin
Suite 800
Chicago, IL 60606
(312) 619-4929
Email: cpatel@grsm.com
*ATTORNEY TO BE NOTICED*

**Krista Rose Easom**
Gordon Rees Scully Mansukhani, LLP
1 N Franklin
Suite 800
Chicago, IL 60606
(856) 383-8646
Email: keasom@grsm.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/22/2020 | 1 | COMPLAINT filed by Michelle Redd; Jury Demand. Filing fee $ 402, receipt number 0752-17770291.(Camarena, Paul) (Entered: 12/22/2020) |
| 12/22/2020 | 2 | CIVIL Cover Sheet (Camarena, Paul) (Entered: 12/22/2020) |
| 12/22/2020 | | CASE ASSIGNED to the Honorable Sara L. Ellis. Designated as Magistrate Judge the Honorable M. David Weisman. Case assignment: Random assignment. (acm, ) (Entered: 12/22/2020) |
| 12/29/2020 | 3 | MINUTE entry before the Honorable Sara L. Ellis: The initial telephonic status conference in this matter is set for 2/24/2021 at 9:30 a.m. The parties are directed to review the procedures and requirements for this conference on Judge Ellis' web site and to submit the required Initial Status Report by 2/17/2021. Throughout the telephonic hearing, each speaker will be expected to identify themselves for the record before speaking. Please note that the conference call-in will be used by all cases that are on the court's calendar for the said date, therefore counsel must be in a quiet area while on the line and must have the telephone muted until your case is called. Members of the public and media will be able to call in to listen to this hearing. The call-in number is (866) 434-5269 and the access code is 8087837. Counsel of record will receive an email the morning of the telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (rj, ) (Entered: 12/29/2020) |
| 01/11/2021 | | SUMMONS Issued as to Defendant Healthcare Revenue Recovery Group, LLC (txl, ) (Entered: 01/11/2021) |
| 02/11/2021 | 4 | ATTORNEY Appearance for Defendant Healthcare Revenue Recovery Group, LLC by Paul Gamboa (Attachments: # 1 Certificate of Service) (Gamboa, Paul) (Entered: 02/11/2021) |
| 02/11/2021 | 5 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Healthcare Revenue Recovery Group, LLC (Gamboa, Paul) (Entered: 02/11/2021) |
| | | |

| | | |
|---|---|---|
| 02/11/2021 | 6 | MOTION by Defendant Healthcare Revenue Recovery Group, LLC for extension of time to file answer regarding complaint 1 (Gamboa, Paul) (Entered: 02/11/2021) |
| 02/11/2021 | 7 | NOTICE of Motion by Paul Gamboa for presentment of motion for extension of time to file answer 6 before Honorable Sara L. Ellis on 2/17/2021 at 09:45 AM. (Gamboa, Paul) (Entered: 02/11/2021) |
| 02/11/2021 | 8 | ATTORNEY Appearance for Defendant Healthcare Revenue Recovery Group, LLC by Krista Rose Easom (Attachments: # 1 Certificate of Service) (Easom, Krista) (Entered: 02/11/2021) |
| 02/16/2021 | 9 | MINUTE entry before the Honorable Sara L. Ellis: The Court grants Defendant's motion for extension of time to answer or otherwise plead 6 . Defendant's responsive pleading is due by 3/10/2021. The Court strikes the status date set for 2/24/2021 and resets it to 3/16/2021 at 9:30 a.m., with the joint initial status report due by 3/9/2021. Throughout the telephonic hearing, each speaker will be expected to identify themselves for the record before speaking. Please note that the conference call-in will be used by all cases that are on the court's calendar for the said date, therefore counsel must be in a quiet area while on the line and must have the telephone muted until your case is called. Members of the public and media will be able to call in to listen to this hearing. The call-in number is (866) 434-5269 and the access code is 8087837. Counsel of record will receive an email the morning of the telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (rj, ) (Entered: 02/16/2021) |
| 03/09/2021 | 10 | Joint Initial Status Report by Michelle Redd (Camarena, Paul) (Entered: 03/09/2021) |
| 03/10/2021 | 11 | MOTION by Defendant Healthcare Revenue Recovery Group, LLC for extension of time to file answer regarding complaint 1 (Easom, Krista) (Entered: 03/10/2021) |
| 03/10/2021 | 12 | NOTICE of Motion by Krista Rose Easom for presentment of motion for extension of time to file answer 11 before Honorable Sara L. Ellis on 3/16/2021 at 09:45 AM. (Easom, Krista) (Entered: 03/10/2021) |
| 03/15/2021 | 13 | MINUTE entry before the Honorable Sara L. Ellis: The Court grants Defendant's motion for extension of time to answer or otherwise plead 11 . Defendant's responsive pleading is due by 3/24/2021. The Court strikes the status date set for 3/16/2021 and resets it to 8/4/2021 at 9:30 a.m. The Court sets the following discovery schedule: Rule 26(a)(1) disclosures are due by 4/1/2021; written discovery to issue by 4/16/2021; and fact discovery closes on 8/2/2021. Mailed notice (rj, ) (Entered: 03/15/2021) |
| | | |

| | | |
|---|---|---|
| 03/23/2021 | 14 | ANSWER to Complaint with Jury Demand by Healthcare Revenue Recovery Group, LLC(Gamboa, Paul) (Entered: 03/23/2021) |
| 06/08/2021 | 15 | ATTORNEY Appearance for Defendant Healthcare Revenue Recovery Group, LLC by Chirag Haresh Patel (Attachments: # 1 Certificate of Service)(Patel, Chirag) (Entered: 06/08/2021) |
| 07/26/2021 | 16 | MOTION by Plaintiff Michelle Redd to continue *fact discovery close date (agreed)* (Camarena, Paul) (Entered: 07/26/2021) |
| 08/03/2021 | 17 | MINUTE entry before the Honorable Sara L. Ellis: The Court grants the parties' motion to extend fact discovery 16 . Fact discovery closes on 9/16/2021. The Court strikes the status date set for 8/4/2021 and resets it to 9/14/2021 at 9:30 a.m. The parties should submit a status report by 9/1/2021 indicating the status of fact discovery, the status of settlement discussions, whether the parties require expert discovery prior to dispositive motion practice, and proposed expert and summary judgment briefing schedules, as applicable. Attorneys/Parties should appear for the hearing by calling the Toll-Free Number: (866) 434-5269, Access Code: 8087837. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (rj, ) (Entered: 08/03/2021) |
| 09/01/2021 | 18 | Joint Updated Status Report by Michelle Redd (Camarena, Paul) (Entered: 09/01/2021) |
| 09/09/2021 | 19 | *First* AMENDED complaint by Michelle Redd against Healthcare Revenue Recovery Group, LLC *(filed with opposing party's consent)* (Camarena, Paul) (Entered: 09/09/2021) |
| 09/13/2021 | 20 | MINUTE entry before the Honorable Sara L. Ellis: The Court strikes the status date set for 9/14/2021 and resets it to 4/6/2022 at 9:30 a.m. for ruling on dispositive motions. The Court sets the following summary judgment briefing schedule: dispositive motions are due by 11/1/2021; responses are due by 12/3/2021; and replies are due by 12/17/2021. If the parties would like a referral to the magistrate judge for settlement purposes, they should contact the Court's courtroom deputy and request a referral. The Court grants Plaintiff's motion for leave to file an amended complaint 19 and reminds Plaintiff's counsel that leave is required once Defendant has filed an answer. Mailed notice (rj, ) (Entered: 09/13/2021) |
| 09/23/2021 | 21 | ANSWER to amended complaint by Healthcare Revenue Recovery Group, LLC(Gamboa, Paul) (Entered: 09/23/2021) |
| 11/01/2021 | 22 | MOTION by Defendant Healthcare Revenue Recovery Group, LLC for summary judgment (Gamboa, Paul) (Entered: 11/01/2021) |

| | | |
|---|---|---|
| 11/01/2021 | 23 | MEMORANDUM by Healthcare Revenue Recovery Group, LLC in support of motion for summary judgment 22 (Gamboa, Paul) (Entered: 11/01/2021) |
| 11/01/2021 | 24 | STATEMENT by Defendant Healthcare Revenue Recovery Group, LLCin Support of MOTION by Defendant Healthcare Revenue Recovery Group, LLC for summary judgment 22 (Attachments: # 1 Exhibit Exhibit List, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M)(Gamboa, Paul) (Entered: 11/01/2021) |
| 11/01/2021 | 25 | NOTICE of Motion by Paul Gamboa for presentment of motion for summary judgment 22 before Honorable Sara L. Ellis on 11/11/2021 at 01:45 PM. (Gamboa, Paul) (Entered: 11/01/2021) |
| 11/01/2021 | 26 | MOTION by Defendant Healthcare Revenue Recovery Group, LLC for extension of time *to Meet and Confer and File Joint Statement of Undisputed Material Facts in Support of Defendant's Motion for Summary Judgement* (Gamboa, Paul) (Entered: 11/01/2021) |
| 11/01/2021 | 27 | NOTICE of Motion by Paul Gamboa for presentment of extension of time 26 before Honorable Sara L. Ellis on 11/11/2021 at 01:45 PM. (Gamboa, Paul) (Entered: 11/01/2021) |
| 11/03/2021 | 28 | NOTICE of Motion by Paul Gamboa for presentment of motion for summary judgment 22 , extension of time 26 before Honorable Sara L. Ellis on 11/10/2021 at 09:45 AM. (Gamboa, Paul) (Entered: 11/03/2021) |
| 11/09/2021 | 29 | MINUTE entry before the Honorable Sara L. Ellis: The Court grants Defendant's motion for extension of time 26 . The Court strikes Defendant's motion for summary judgment 22 for failure to conform with the Court's standing orders regarding summary judgment practice. The Court revises the summary judgment briefing schedule as follows: Defendant's motion for summary judgment, including the joint statement of undisputed facts, is due by 11/15/2021; Plaintiff's response is due by 12/17/2021; and Defendant's reply is due by 1/7/2022. Mailed notice (rj, ) (Entered: 11/09/2021) |
| 11/15/2021 | 30 | MOTION by Defendant Healthcare Revenue Recovery Group, LLC for summary judgment (Gamboa, Paul) (Entered: 11/15/2021) |
| 11/15/2021 | 31 | RULE 56.1 Statement by Healthcare Revenue Recovery Group, LLC regarding motion for summary judgment 30 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M)(Gamboa, Paul) (Entered: 11/15/2021) |
| 11/15/2021 | 32 | MEMORANDUM by Healthcare Revenue Recovery Group, LLC in support of motion for summary judgment 30 (Gamboa, Paul) (Entered: 11/15/2021) |
| 12/16/2021 | 33 | MOTION by Plaintiff Michelle Redd to continue *MSJ response & reply due dates (unopposed)* (Camarena, Paul) (Entered: 12/16/2021) |
| | | |

| | | |
|---|---|---|
| 01/06/2022 | 34 | NOTICE of Motion by Paul Camarena for presentment of (Camarena, Paul) (Entered: 01/06/2022) |
| 01/06/2022 | 35 | *Corrected* NOTICE of Motion by Paul Camarena for presentment of motion to continue 33 before Honorable Sara L. Ellis on 1/12/2022 at 09:45 AM. (Camarena, Paul) (Entered: 01/06/2022) |
| 01/11/2022 | 36 | MINUTE entry before the Honorable Sara L. Ellis: The Court grants Plaintiff's motion for extension of time 33 . The Court revises the summary judgment briefing schedule as follows: Plaintiff's response is due by 1/17/2022 and Defendant's reply is due by 2/8/2022. The Court strikes the status date set for 4/6/2022 and resets it to 6/8/2022 at 9:30 a.m. for ruling on Defendant's motion for summary judgment. Mailed notice (rj, ) (Entered: 01/11/2022) |
| 01/18/2022 | 37 | RESPONSE by Michelle Reddin Opposition to MOTION by Defendant Healthcare Revenue Recovery Group, LLC for summary judgment 30 (Camarena, Paul) (Entered: 01/18/2022) |
| 01/18/2022 | 38 | MOTION by Plaintiff Michelle Redd to file instanter *response to motion for summary judgment* (Camarena, Paul) (Entered: 01/18/2022) |
| 01/18/2022 | 39 | NOTICE of Motion by Paul Camarena for presentment of motion to file instanter 38 before Honorable Sara L. Ellis on 1/26/2022 at 09:45 AM. (Camarena, Paul) (Entered: 01/18/2022) |
| 01/24/2022 | 40 | MINUTE entry before the Honorable Sara L. Ellis: The Court grants Plaintiff's motion to file her response instanter 38 . Mailed notice (rj, ) (Entered: 01/24/2022) |
| 02/08/2022 | 41 | REPLY by Defendant Healthcare Revenue Recovery Group, LLC *in Support of its Motion for Summary Judgment* (Gamboa, Paul) (Entered: 02/08/2022) |
| 03/04/2022 | 42 | MOTION by Plaintiff Michelle Redd to notice new supplemental authority (Camarena, Paul) (Entered: 03/04/2022) |
| 03/04/2022 | 43 | NOTICE of Motion by Paul Camarena for presentment of motion for miscellaneous relief 42 before Honorable Sara L. Ellis on 3/15/2022 at 09:45 AM. (Camarena, Paul) (Entered: 03/04/2022) |
| 03/07/2022 | 44 | MOTION by Defendant Healthcare Revenue Recovery Group, LLC for leave to file *Notice of Supplemental Authority in Support of its Motion for Summary Judgment* (Attachments: # 1 Exhibit 1)(Gamboa, Paul) (Entered: 03/07/2022) |
| 03/08/2022 | 45 | NOTICE of Motion by Paul Gamboa for presentment of motion for leave to file 44 before Honorable Sara L. Ellis on 3/15/2022 at 09:45 AM. (Gamboa, Paul) (Entered: 03/08/2022) |
| 03/14/2022 | 46 | MINUTE entry before the Honorable Sara L. Ellis: Due to scheduling conflict of the court, notice of presentments 43 and 45 set for 3/15/22 are stricken and reset to 3/22/22 at 9:45 a.m. regarding motions for leave to file 42 and 44 . Mailed notice (rj, ) (Entered: 03/14/2022) |

| | | |
|---|---|---|
| 03/21/2022 | 47 | MINUTE entry before the Honorable Sara L. Ellis: The Court grants the motions for notice of supplemental authority 42 , 44 . Mailed notice (rj, ) (Entered: 03/21/2022) |
| 06/06/2022 | 48 | OPINION AND ORDER. For the reasons stated in the accompanying Opinion and Order, the Court grants HRRG's motion for summary judgment 30 . The Court enters judgment for HRRG and terminates this case. Civil case terminated. Signed by the Honorable Sara L. Ellis on 6/6/2022. Mailed notice(rj, ) (Entered: 06/06/2022) |
| 06/06/2022 | 49 | ENTERED JUDGMENT. Mailed notice(rj, ) (Entered: 06/06/2022) |
| 06/29/2022 | 50 | BILL of Costs (Attachments: # 1 Exhibit 1, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Easom, Krista) (Entered: 06/29/2022) |
| 07/01/2022 | 51 | MINUTE entry before the Honorable Sara L. Ellis: Plaintiff should respond to Defendant's motion for bill of costs 50 by 7/15/2022. The Court will enter a ruling on Defendant's motion for bill of costs by 8/4/2022. Mailed notice (rj, ) (Entered: 07/01/2022) |
| 07/06/2022 | 52 | NOTICE of appeal by Michelle Redd regarding orders 48 , 49 Filing fee $ 505, receipt number AILNDC-19627134. Receipt number: n (Camarena, Paul) (Entered: 07/06/2022) |
| 07/07/2022 | 53 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 52 . (jmk, ) (Entered: 07/07/2022) |