IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE M. REDD, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| HEALTHCARE REVENUE RECOVERY GROUP, L.L.C., | ) |
| D/B/A ARS ACCOUNT RESOLUTION SERVICES, | ) |
|     Defendant. | ) |

**PLAINTIFFS MICHELLE REDD'S RESPONSE TO
THE DEFENDANT'S MOTION FOR BILL OF COSTS**

Plaintiff Ms. Redd, by her counsel Paúl Camarena, respectfully responds to the Defendant's Motion for a Bill of Costs as follows:

Introduction.

Ms. Redd visited a health care provider and the Defendant billed those services to her. Ms. Redd then contacted the Defendant, stated to the Defendant that her health care insurance carrier was responsible for that bill, and provided her health insurance card to the Defendant. Although the Defendant has never contended that it followed up with Ms. Redd's insurance carrier, the Defendant later reported that bill to reporting agencies. Ms. Redd disputed the Defendant's reporting and, when the Defendant continued to report the debt, Ms. Redd filed her instant claim alleging that the Defendant violated the Fair Credit Reporting Act.

This Court disagreed that the Defendant violated the FCRA, and the Defendant moves the Court to order Ms. Redd to pay the Defendant's costs. The Court should deny the Defendant's motion because Ms. Redd lacks the ability to pay for those costs, because she prosecuted her claim in good faith, and because the Defendant seeks to recover more than the Local Rules allow.

### Ms. Redd's Inability to Pay.

The Defendant moves the Court to order Ms. Redd to pay costs of $ 1,481. However, the Seventh Circuit has stated that a "losing party's inability to pay will suffice to justify denying costs;" *Lange v. City of Oconto*, 28 F.4th 825, 845 – 46 (7th Cir. 2022) (citations omitted); and Ms. Redd lacks the ability to pay costs because she is indigent. Ms. Redd's weekly income is barely $156[1], which is more than 35% <u>below</u> the minimum Federal Poverty Guideline[2]. Ms. Redd would have to devote her entire income for more than 9 weeks to pay costs of $ 1,481. Thus, the record clearly establishes that Ms. Redd lacks the ability to pay those costs.

### Ms. Redd Prosecuted Her Claim in Good Faith.

If the losing party is incapable of paying, "the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case[, but n]o one factor is determinative." *Lange*, at 846. With respect to the amount of costs, costs of $ 1,481 are excessive because these costs would require Ms. Redd to devote her entire income for more than 9 weeks to pay, *supra*. Costs of $ 1,481 are also excessive because these costs exceed the amounts that the Local Rules would allow, *infra*.

With respect to the good faith of the losing party, Ms. Redd brought her claims in good faith and did not bring her claims to harass or for any improper purpose. In fact, she agreed to voluntarily dismiss her complaint's Counts One and Two as soon as the Defendant pointed out that those counts were not supported by the documentary evidence. Ms. Redd did believe in good faith that her Count One was supported by the evidence (although this Court disagreed) and

---

1 ECF 31 (Joint Statement of Undisputed Material Facts), p. 6, ¶¶ 42 & 43 ("Plaintiff works part time at Divine Home Care Services" and "Plaintiff works roughly twelve hours a week"); ECF 31-12 (Joint Statement of Undisputed Facts, Exhibit L), p. 4 (Plaintiff's work records noting her pay rate is "13.00/hour"). Twelve hours a week at $13.00/hour yields $ 156 per week.

2 According to the United States Department of Health and Human Services, a person would have to earn at least $ 247.69 per week (or $ 12,880 per year) to not live in poverty. U.S. D.H.H. 2021 Poverty Guidelines, available at https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines/prior-hhs-poverty-guidelines-federal-register-references/2021-poverty-guidelines .

her offers to settle that matter were always reasonable and were not extortionary. When the parties could not settle that count, she rightfully sought redress from the judiciary, which is exactly how civil society is suppose to function. Ms. Redd continues to believe in good faith that the Defendant violated her rights and, thus, she refused the Defendant's offer to waiver her appeal in exchange for the Defendant waiving the instant Bill of Costs.

With respect to the issue of the closeness and difficulty of the issues raised, Ms. Redd concedes that her claim does not raise a difficult issue. Nevertheless, she continues to contend that her claim that she suffered damages is supported by the evidence because the Defendant's failure to reasonably investigate her October 16, 2020 dispute caused her to miss work and because she was working by December 2020. Thus, Ms. Redd filed a Notice of Appeal and the issue is with the Seventh Circuit.

<u>The Defendant Seeks to Recover More Than the Local Rules Allow.</u>

U.S. District Court Local Rule 54.1(b) states that "Court reporter appearance fees … shall not exceed the published rates on the Court website;" and the Court website has published that "the court reporter attendance fee shall not exceed … $220 for a full day attendance fee[3]." While the Defendant's Bill of Costs seeks to recover a court reporter attendance fee of $200.00 for 5 hours, the Bill of Costs also improperly claims a court reporter "Attendance Only" fee of $75.00 plus a court reporter attendance "Veritext Virtual Primary Participants" fee of $195.00[4]. The Rules do not allow the excess fees of $75 and $195, and the Court should disallow these costs.

Local Rule 54.1(b) also states that "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States;" and

---

3   U.S. Dist.Ct. website "Transcript Rates" page, available at https://www.ilnd.uscourts.gov/Pages.aspx?rsp2kxYIAI6Z3skP0PESA+q3bXKkfRyo .
4   ECF 50-3, p. 2.

the Judicial Conference has established a regular copy rate of $3.65 per page[5]. While the Defendant's Bill of Costs claims a regular copy rate of $3.30 per page, the Bill of Costs also improperly claims an expedited copy rate of $2.97 per page for a total expedited costs of $454.41[6]. The Defendant claims that it had to wait and then order transcripts on an expedited basis because it had hoped that the parties would settle the matter before the Defendant had to file its motion for summary judgment. The Defendant's claim is disingenuous. During the entire time after the Defendant deposed Ms. Redd and before the Defendant filed its motion for summary judgment, the parties did not make any new settlement offers and Ms. Redd does not even have a record of any settlement discussions during this period. Hence, the Defendant's delay in ordering transcripts was entirely on the Defendant, and this Court should not require Ms. Redd to pay for the Defendant's delay. Finally, the Bill of Costs also claims a "Litigation Package-Secure File Suite" fee of $34.00, which the Local Rules do not seem to authorize.

WHEREFORE, this Court should deny the Defendant's Motion for a Bill of Costs because Ms. Redd lacks the ability to pay, because she prosecuted her claim in good faith, and because the Bill of Costs is excessive.

    Respectfully submitted,
    Plaintiff's, Michelle Redd's, Counsel
    North & Sedgwick, L.L.C.
by:    /s/ Paúl Camarena
    Paúl Camarena, Esq.
    500 So. Clinton, No. 132
    Chicago, IL 60607
    paulcamarena@paulcamarena.com
    (312) 493-7494

---

5  U.S. Dist.Ct. website "Transcript Rates" page, available at https://www.ilnd.uscourts.gov/Pages.aspx?rsp2kxYIAI6Z3skP0PESA+q3bXKkfRyo .
6  ECF 50-3, p. 3.