UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE M. REDD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 20 C 7658 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| HEALTHCARE REVENUE ) | |
| RECOVERY GROUP, d/b/a ) | |
| ARS ACCOUNT RESOLUTION ) | |
| SERVICES, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

The Court denies Defendant Healthcare Revenue Recovery Group's bill of costs [50]. The Court grants Defendant's motion for leave to file its reply [57] and Plaintiff's motion for leave to file a sur-reply [58]. See Statement.

**STATEMENT**

Plaintiff Michelle M. Redd brought a complaint pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, against Defendant Healthcare Revenue Recovery Group ("HRRG") for willfully failing to conduct a reasonable investigation despite receiving notice that she disputed two debts that HRRG was reporting to credit bureaus. On June 6, 2022, the Court granted HRRG's motion for summary judgment, concluding that the record did not show that HRRG committed a negligent or willful violation of FCRA. Doc. 48. The Court entered judgment the same day. Doc. 49. On June 29, 2022, HRRG filed a bill of costs, seeking $1481.16 in transcript fees. Redd filed a response, arguing that the Court should find Redd indigent and unable to pay the costs and should deny the costs as not authorized by the Local Rules.

First, the Court turns to Redd's argument that the Court should refuse to award HRRG its requested costs. Federal Rule of Civil Procedure 54(d) provides that unless a federal statute, the Federal Rules, or the Court provides otherwise, costs should be allowed to the prevailing party in a litigation. Pursuant to 28 U.S.C. § 1920, the Court may tax as costs certain fees, including those for "transcripts necessarily obtained for use in the case." The prevailing party is presumptively entitled to costs. *Beamon v. Marshall & Ilsley Tr. Co.*, 411 F.3d 854, 864 (7th Cir. 2005). The prevailing party maintains the burden of establishing that the potentially recoverable costs it incurred were reasonable and necessary. *Trs. of Chi. Plastering Inst. Pension Tr. v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). Once the prevailing party

satisfies that burden, the losing party bears the burden of showing that the costs are inappropriate. *Beamon*, 411 F.3d at 864.

"Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987); *see also Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991) (courts enjoy "wide discretion in determining and awarding reasonable costs."). The Seventh Circuit has recognized two narrow exceptions to the presumption in favor of costs: misconduct by the party seeking costs and the non-prevailing party's indigence. *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003); *Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006). In order to overcome the presumption of awarding allowable costs based on an inability to pay, the non-prevailing party must show a present and future inability to pay costs, supported by an affidavit and documentary evidence of income and liabilities. *See Kristofek v. Vill. of Orland Hills*, No. 11 C 7455, 2014 WL 7145543, at *2–3 (N.D. Ill. Dec. 15, 2014). Upon such a showing, the Court may then decide whether to reduce or deny costs, considering the amount of the costs, the non-prevailing party's good faith in bringing the claims, and the difficulty of the issues raised. *See Jones v. Chicago Bd. of Educ.*, No. 11 C 8326, 2013 WL 2422653, at *1 (N.D. Ill. June 3, 2013).

Redd argues that the Court should find her indigent and thus refuse to award HRRG its requested costs. In an affidavit, Redd attests that she works twenty-four hours a week, and her pay-rate is $15.00 an hour, for a weekly income of $360.00. Redd has shown a present and future inability to pay Redd's requested costs. As to the second prong of the analysis, nothing in the record suggests that Redd brought this case in bad faith. Further, the fact that the claim proceeded through discovery to summary judgment demonstrates that it was not frivolous. And while the amount HRRG seeks to recover in costs is not excessive, the Court nonetheless finds them vast when considered against Redd's resources. Therefore, the Court finds that Redd has met her burden to overcome the Rule 54(d) presumption and declines to award costs to HRRG.

Date: August 5, 2022                                                          /s/ _____